UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**GREGORY B. DUNCAN**, and
**LAURIE L DUNCAN**,

Case No. **07-61053-7**

Debtors.

**MEMORANDUM OF DECISION**

At Butte in said District this 14th day of May, 2009.

The following contested matters are pending in this Chapter 7 case: (1) the Trustee's second motion (Docket No. 340) for authority to sell personal property, vehicles, and boats free and clear of liens, filed February 6, 2009, and Debtors' objection thereto; and (2) the Debtors' motion to determine their homestead exemption and to compel the Trustee to release homestead proceeds (Docket No. 337) and objections thereto filed by the Trustee, by the Montana Department of Revenue ("DOR"), and by the United States of America, Internal Revenue Service ("IRS"). Hearing on these matters was held at Missoula on March 12, 2009. The Trustee Darcy M. Crum appeared. Debtors were represented by attorney Harold V. Dye ("Dye"), and Debtor Gregory B. Duncan testified. The IRS was represented by assistant U.S. Attorney Victoria Francis. The DOR was represented by attorneys Keith Jones and Lynn Hamilton Butler ("Butler"). Debtors' Ex. 2, a seller's statement from an $8,000,000 sale of estate real property to Birch Point Properties, LLC, was admitted into evidence. The Court was asked to take judicial notice of Debtors' Schedule C and the fact that no objection was filed to allowance of the Debtors' homestead exemption. After the parties concluded their cases-in-chief the Court took both matters under advisement. For the reasons set forth below the Trustee's second motion to

1

sell property free and clear of liens will be granted and Debtors' objection overruled, and Debtors' motion to determine homestead exemption and compel the Trustee to release homestead proceeds will be denied by separate Order.

This Court has jurisdiction in this bankruptcy case under 28 U.S.C. § 1334(a). The Trustee's second motion to sell property free and clear of liens and Debtors' motions to determine homestead exemption and to compel the Trustee to release homestead proceeds are core proceedings under 28 U.S.C. § 157(b)(2). The Court has reviewed the motions, the record and applicable law, and these matters are ready for decision.

## FACTS & PROCEDURAL HISTORY

The Debtors Gregory B. Duncan and Laurie L. Duncan filed a Chapter 11 petition on September 11, 2007. Their Schedules were filed on October 9, 2007. Schedule A lists their residence at 706 Birch Point Drive in Whitefish, Montana, and other real property with a total value of $8,840,090[1]. Schedule C lists their homestead exemption claimed under Montana statute in the amount of $250,000. No objection was filed to the allowance of Debtors' homestead exemption. Pursuant to a stipulation with creditors and the U.S. Trustee, the case was converted to Chapter 7 by Order entered on August 18, 2008 (Docket No. 161).[2]

The IRS filed Proof of Claim No. 7 on October 22, 2007, and has filed a total of six amendments. Claim 7 first asserted a total claim in the amount of $2,059,392.63, including unsecured and priority claims and a secured portion in the amount of $1,721,821.50, which was

---

[1] The $8,840,090 value is listed as a total for 4 houses on Birch Point Drive, including Debtors' residence, but does not separately list values for each house.

[2] Since then the Debtors have attempted to convert the case back to Chapter 11 but those requests have been denied.

2

secured by federal tax liens against the Debtor's real estate and vehicles. The second amendment to Claim 7 filed on January 2, 2008, reduced the secured portion to $1,697,275.38 and stated the total as $2,168,280.34. The third amendment filed on April 24, 2008, stated the secured portion as $1,672,650.16. The fourth amendment filed on August 18, 2008, stated the secured portion as $1,672,650.16. The fifth amendment filed on August 28, 2008, states the secured portion as $1,778,132.29. The last amendment to Claim 7 was filed on November 10, 2008, and includes only priority and unsecured claims in the total amount of $605,795.28, but the attachment states that the IRS "retains its lien." No objection has been filed to the IRS's Proof of Claim, and it constitutes prima facie evidence of its validity and amount under F.R.B.P. 3001(f).

The DOR has filed several claims. DOR filed Claim Nos. 13 and 14 on November 27, 2007, and filed amendments to Claims 13 and 14 on August 25, 2008. Claim 13 now asserts a secured claim in the amount of $229,634.94 secured by real estate and warrants for distraint. Claim 14 now asserts a secured claim in the amount of $187,174.62. No objections have been filed to Claims 13 or 14. The DOR filed Proofs of Claim Nos. 31, 32, and 33, and amended those claims on May 6, 2009, asserting unsecured and priority claims, to which no objections have been filed.

Darcy M. Crum ("Crum") was added as Trustee on September 2, 2008. She filed a motion to sell real property free and clear of liens on September 23, 2008 (Docket No. 220), listing seven (7) tracts of real property which she wished to sell to Public Realty Capital, Inc., for the sum of $8,000,000. The 6 tracts were allocated values totaling $8 million, and Debtors' residence at 706 Birch Point Drive, "Tract 3", was allocated $2,700,000 of the purchase price. Objections were filed but were withdrawn by the time a hearing was held on October 9, 2008.

An Order (Docket No. 247) was entered on October 20, 2008, granting the Trustee's motion for sale free and clear of liens, with all valid liens attaching to the proceeds of the sale of properties and providing: "Nothing contained herein shall affect the validity, priority of classification of any such lien, claim, interest or encumbrance" and listing the valid liens. Federal tax liens in the amount of $1,778,132.29 and state tax liens (warrants for distraint) in the amounts of $187,174.62 against Laurie Duncan and $229,634.94 against Gregory Duncan are listed on page 3 of the Order. No motion to amend or for reconsideration of the Order Docket No. 247 was filed, and no timely notice of appeal of that Order was filed.

On November 3, 2009, the Trustee filed a notice of intent to sell 12 vehicles including two boats[3] to the same buyer as the real estate for the total sum of $115,000 (Docket No. 254). The Debtors filed an objection, and after Debtors moved for a continuance a hearing on that sale was held on January 15, 2009. After that hearing the Court sustained the Debtors' objection and denied approval of the Trustee's proposed sale by Order entered on January 16, 2009 (Docket No. 328). The Court denied approval of the Trustee's first proposed sale of the boats because she exposed the boats only to the market for sale in and around Great Falls, Montana, and the Court determined that the boats should be exposed to the Flathead market.

The Trustee's second motion to sell (Docket No. 347) seeks to correct that deficiency by proposing to sell the property through Gardner's Auction Service to the highest bidder. Both boats have been held in storage, and incurring storage costs, at Captain's Marine in Kalispell, Montana, since the time of the January 15, 2009, hearing.

---

[3] The boats are identified on Ex. A attached to the Trustee's notice as a 2006 Mastercraft X80 and a 2006 Premier 40 Pontoon Boat.

## DISCUSSION

**I. Trustee's Second Motion for Sale.**

The Trustee's second motion to sell seeks authority to sell, free and clear of liens, household furnishings and contents, guns, furs, furniture, artwork, vehicles, the 2 boats and other miscellaneous items out of Debtors' residence, at an auction through Gardner's Auction Service to the highest bidder.

The Debtors' objection to the Trustee's second motion to sell (Docket No. 350) states that they assumed that their claim of homestead would attach to the proceeds of the Trustee's sale of the real property, which they assert totaled $225,317.35 after the Trustee paid all secured claims. Debtors argue at pages 3-4 that the Court should not authorize the sale of the boats and other personal property "until such time as it resolves the issue of the extent to which funds in the Trustee's possession represent exempt homestead funds which Debtors could use to purchase their personal property at auction." Debtors have not initiated an adversary proceeding under F.R.B.P. 7001(2) to determine the validity, priority or extent of a lien or other interest in property.

Debtors stressed that they are not interested in reacquiring the boats and "have no objection in principal" to the Trustee selling them, but they are interested in the Trustee getting the maximum value from the boats and argue that a sale at a consignment sale through a boat dealer would bring more than at a general auction sale. Debtors offered no testimony or other evidence at the hearing that a consignment sale was possible, or that it would bring more than an auction sale, and Debtors did not offer to pay the storage and upkeep on the boats which continues to accrue or explain how that would be paid.

The Trustee is authorized to sell property free and clear of liens and interests under 11 U.S.C. § 363(f) and § 363(b) under several conditions[4], including if an entity consents. *In re Miller*, 20 Mont. B.R. 297, 315 (Bankr. D. Mont. 2003). The Debtors have claimed no exemption in their boats or other personal property which is the subject of the Trustee's second motion to sell, other than their homestead exemption. The IRS and DOR which continue to assert tax liens do not object to the sale of the boats and other personal property.

The Trustee has the duty under 11 U.S.C. § 704(a)(1) to collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interests. The Trustee's second motion to sell corrects the lack of local market exposure which was the ground for the Court's denial of the Trustee's first attempt to sell the boats. The Debtors argue that a sale of the boats at auction will result in a lower sales price, but they offered no evidence in support and that contention is merely attorney argument, and attorney argument is not admissible in evidence and therefore not relevant. *Hurley v. Student Loan Acquisition Auth. of Ariz., et al.*, (*In re Hurley*), 258 B.R. 15, 23 (Bankr. Mont. 2001) (An attorney's argument is not evidence); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000); *Exeter Bancorporation v. Kemper Securities Group, Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995)(Statements of counsel are not evidence and do not create issues of fact), citing *United States v. Fetlow*, 21 F.3d 243, 248 (8th

---

[4]The Trustee may sell property under subsection 363(b) or (c) free and clear "only if – (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (4) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." § 363(f).

6

Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994).

Based on the lack of objection by any creditor with an asserted lien in the personal property or by any other party claiming an interest, after notice and hearing, the Court finds that the Trustee's second motion to sell property free and clear of liens satisfies the requirements of § 363(f) and should be granted and the boats and other personal property sold at public auction without any further delay so that storage and maintenance costs may cease.

**II. Debtors' Motion to Determine and Compel Release of Homestead.**

Debtors' motion to determine and compel release of homestead proceeds requests the Court direct the Trustee to pay to Debtors the sum of $250,000, or alternatively $225,317.35, on account of their homestead exemption. Debtors argue that no timely objection was filed against allowance of their homestead exemption, and that the Trustee's motion to sell their homestead did not give Debtors notice that she intended to limit, restrict or curtail their homestead exemption. Debtors contend that they had an informal agreement with the Trustee that the homestead proceeds could be a fund which Debtors could use to purchase nonexempt personal property, but later took a different position based on the internal allocation in the Trustee's motion to sell their homestead and the secured tax claims. Debtors argue that the Trustee's position is without merit in law or fact.

The DOR objects (Docket No. 345), contending that its Claims Nos. 13 and 14 are oversecured by Debtors' assets, that its tax liens attach to the $225,317.35 received by the Trustee from the sale of the Debtors' real property, and that Debtors' homestead exemption is not effective against the DOR's tax liens. DOR argues that the Debtors did not object to or appeal the Trustee's motion for sale of the Debtors' real property and the allocation of $2.7 million to

7

the Debtors' homestead, and did not justifiably rely that their homestead would attach to the proceeds of the sale given the valid tax liens. Finally, DOR objects on procedural grounds that the Debtors were required to file an adversary proceeding under Rule 7001(2) to determine the validity, priority or extent of liens versus their claimed homestead exemption in the proceeds.

The IRS's objection (Docket No. 348) argues that no homestead exemption is effective against federal tax liens.

The United States Supreme Court held in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642-44, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992), that where a trustee failed to timely object under Rule 4003(b) to a claimed exemption, the trustee was not allowed thereafter to contest the exemption. The Ninth Circuit discussed *Taylor* in *In re Morgan-Busby*, 272 B.R. 257, 265 (9th Cir. 2002) and held that all objections to exemptions, including those objecting to the value of property subject to exemption, are subject to the time limitation of Rule 4003(b), in order to encourage finality. "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *Taylor v. Freeland & Kronz*, 503 U.S. at 644, 112 S.Ct. at 1648. No objections were filed to the allowance of the Debtors' homestead exemption.

However, state homestead laws do not protect a debtor from the imposition of a federal tax lien on the debtor's interest. *United States v. Rodgers*, 461 U.S. 677, 697, 103 S.Ct. 2132, 2144, 76 L.Ed.2nd 236 (1983); *United States v. Mitchell*, 403 U.S. 190, 204-05, 91 S.Ct. 1763, 1771-72, 29 L.Ed.2d 406 (1973); *United States v. Pilla*, 711 F.2d 94 (8th Cir. 1983); *see* 26 U.S.C. § 6334(c). The instant case does not involve the homestead rights of a nondebtor spouse, since both of the Duncans are debtors. Accordingly, their property may be sold to satisfy their tax obligations. *Pilla*, 711 F.2d at 95, 96, citing *Rodgers*, 461 U.S. at 692, 103 S.Ct. at 2142.

8

This Court in *In re Braddock*, 11 Mont. B.R. 273, 149 B.R. 636, 638-40 (Bankr. D. Mont. 1992) rejected the debtors' argument that they were entitled under *Taylor* to the full homestead exemption when the IRS failed to timely object, because tax liens are specifically excepted under 11 U.S.C. § 522(c)(2)(B) from the general rule that exempt property is not liable during or after the case for any debt that arose before the commencement of the case. Section 522(c)(2)(B) provides in pertinent part that "property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case, except – . . . (B) a tax lien, notice of which is properly filed[.]" *Braddock*, 149 B.R. at 639. The Court cited *In re Isom,* 901 F.2d 744, 746 (9th Cir. 1990), for the proposition that in defining the fresh start Congress provided in § 522(c)(2)(B) that tax liens on exempt property survive, even if they are based on dischargeable tax debt. *Braddock*, 149 B.R. at 639-40. The Ninth Circuit cited *Isom* in *U.S. I.R.S. v. Snyder*, 343 F.3d 1171, 1179 (9th Cir. 2003) in concluding that, even if the IRS has to wait until after the conclusion of a bankruptcy, "the IRS will eventually be able to enforce its liens."

A later decision by this Court cited *Braddock* and further noted that under 11 U.S.C. § 522(c)(1) federal and state exempt property statutes generally provide no shield in bankruptcy against claims to satisfy nondischargeable prepetition priority tax and family support claims. *In re Haas*, 16 Mont. B.R. 280, 283 (Bankr. D. Mont. 1997); *accord Davis v. Davis (In re Davis)*, 105 F.3d 1017, 1022-23 (5th Cir. 1997). Based upon this Court's precedents in *Braddock* and *Haas*, and controlling Ninth Circuit authority, the IRS's tax liens are not subject to the Debtors' homestead exemption, notwithstanding *Taylor*, and neither are valid tax liens of the DOR under § 522(c)(2)(B).

9

As the moving parties in their motion to enforce their homestead, the Debtors have the burden of proof that they should be allowed their homestead amounts and be free to bid those amounts to purchase the personal property (except the boats) from the estate[5]. The IRS and DOR have objected on the grounds that they have tax liens on the proceeds from the sale of the Debtors' homestead. The Debtors have not objected to the IRS's or the DOR's claims and have not initiated adversary proceedings against the IRS and DOR to determine the validity, extent or priority of the IRS's or DOR's tax liens as required under Rule 7001(2). The Court sustains the DOR's objection that Debtors' motion does not comply with the procedural requirements under Rule 7001(2).

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this bankruptcy case under 28 U.S.C. § 1334(a).

2. The Trustee's motion to sell property and Debtors' motions to determine homestead exemption and to compel the Trustee to release homestead proceeds are core proceedings under 28 U.S.C. § 157(b)(2).

3. The Trustee is authorized to and has a duty to collect and reduce to money assets of the estate under 11 U.S.C. § 704(a)(1).

4. The Trustee satisfied her burden of proof under 11 U.S.C. § 363(f) to sell property of the estate under subsection 363(b)(1) consisting of two boats and other personal property.

5. The Debtors as moving parties failed to satisfy their burden of proof to determine their homestead exemption and to compel the Trustee to release homestead proceeds. Debtors failed

---

[5]Nothing in this Memorandum of Decision prevents the Debtors from appearing at the auction sale and bidding competitively on the personal property to be sold, provided they are able to appear with adequate money or money's worth, which does not include the homestead.

to initiate an adversary proceeding to determine the validity, extent and priority of federal and state tax liens on proceeds from the sale of their homestead as required under F.R.B.P. Rule 7001(2). Under 11 U.S.C. § 522(c)(2)(B), any exemption claimed by the Debtors has no effect in the face of tax liens securing prepetition claims.

**IT IS ORDERED** a separate Order shall be entered (1) overruling the Debtors' objection, granting the Trustee's second motion to sell property free and clear of liens filed February 6, 2009 (Docket No. 340), and authorizing the Trustee to sell boats, household furnishings and contents, guns, furs, furniture, artwork, vehicles, and other miscellaneous items out of Debtors' residence, under the terms of the Trustee's second motion by public auction through Gardner's Auction Service without delay to the highest bidder, free and clear of liens and interests, with any valid liens to attach to the proceeds of the sale; and (2) denying Debtors' motions to determine their homestead exemption and to compel the Trustee to release homestead proceeds (Docket No. 337).

BY THE COURT

*Ralph B Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana