UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**GREGORY B. DUNCAN** and
**LAURIE L DUNCAN**,

     Debtors.

Case No.  **07-61053-7**

# MEMORANDUM OF DECISION

At Butte in said District this 8th day of June, 2009.

Pending in this Chapter 7 case, which was converted from Chapter 11 on August 18,

2008, is the "Amended First Interim Application for Professional Fees" ("Application") (Docket

No. 331) filed on January 21, 2009, by Lynn Hamilton Butler ("Butler") of Brown McCarroll,

L.L.P., Austin, Texas, an attorney employed by the Montana Department of Revenue ("DOR"),

which requests an award of attorney fees under 11 U.S.C. § 506(b) in the amount of $13,447.50

as an oversecured creditor.  Objections were filed by the Trustee and the Debtors.  A hearing on

the Application was held at Missoula on February 12, 2009.  Butler appeared and testified, and

gave oral argument in support of his Application.  The Trustee Darcy M. Crum appeared.

Debtors were represented by attorney Harold V. Dye of Missoula.  The Court took judicial notice

of the entire file docketed in this case.  At the conclusion of the parties' cases-in-chief the Court

heard argument from the Trustee, after which the Court deemed the Application submitted and

took it under advisement.  After review of the record and applicable law, for the reasons set forth

below the DOR's Application is denied on the grounds that Butler's attorney fees are not

reasonable under § 506(b) because of the lack of any objection to allowance of the DOR's Proofs

of Claim.

This Court has jurisdiction of this case under 28 U.S.C. § 1334(a).  Butler's Application

for professional fees from the estate under § 506(b) is a core proceeding under 28 U.S.C. §

157(b)(2).

**FACTS & PROCEDURAL HISTORY**

The Debtors Gregory B. Duncan and Laurie L. Duncan filed a Chapter 11 petition on

September 11, 2007.  Their Schedules were filed on October 9, 2007.  Schedule A listed Debtors'

residence at 706 Birch Point Drive in Whitefish, Montana, and other real property with a total

value of $8,840,090.  Schedule D listed creditors holding secured claims, but does not list the

DOR.  Schedule E listed the DOR as a creditor holding priority claims for taxes owed from 2002,

2003, 2004 and 2005.

The Office of United States Trustee ("UST") appeared early in this case.  Initially the

UST moved to vacate the order approving employment of Debtors' attorneys, and later moved to

convert the case to Chapter 7.  On December 5, 2007, the DOR filed its own motion to convert

(Docket No. 44), in which the DOR was represented by two (2) special assistant attorneys

general for the State of Montana, Keith Jones ("Jones") and Amber Godbout ("Godbout").  The

DOR's motion refers to the § 341 meeting of the Debtors.  Jones and Godbout both appeared at

the hearing on the DOR's motion on February 7, 2008, after which DOR's motion was denied by

Order entered on February 8, 2008 (Docket No. 78).  None of the fees requested in the instant

Application are for Jones or Godbout.

The DOR filed several claims[1], all of them signed by "Kim Davis, Bankruptcy Specialist."  DOR filed Claim Nos. 13 and 14 on November 27, 2007, and filed amendments to Claims 13 and 14 on August 25, 2008.  No objections have been filed to Claims 13 or 14.  The DOR filed Proofs of Claim Nos. 31, 32, and 33, and amended those claims on May 6, 2009, asserting unsecured and priority claims, to which no objections have been filed.

On February 26, 2008, the UST filed another motion to convert the case to Chapter 7. The DOR filed a joinder motion on March 4, 2008, signed by Godbout and with Jones as co-counsel, and filed a supplement signed by Godbout (Docket No. 112).  The Debtors filed their disclosure statement and plan, and objections to both were filed by the UST.  Jones filed a DOR objection on March 13, 2009 (Docket No. 98) to the Debtors' application for professional fees and costs for their attorney.  That matter was set for hearing on April 3, 2008.

The Application includes Butler's billing records showing services commencing on 3/4/2008 and continuing through 11/13/2008.  Butler provided 3.2 hours of legal services by March 25, 2009, when he filed a motion to appear pro hac vice in this district, which was granted.  Butler testified that he attended the hearings on matters listed on his billing statements, with at least one other attorney from the DOR, and other times with two attorneys from the State of Montana plus two legal assistants.

Butler's first appearance listed on the docket is from the hearing on April 3, 2008, on the objections to Debtors' fee application and motions to convert.  Those matters resolved by

---

[1]DOR filed Proof of Claim No. 23 on April 21, 2008, but withdrew that claim on August 20, 2008.

stipulation, which the UST filed (Docket No. 119) including Butler's signature for the DOR.

The Court approved that stipulation on April 18, 2008 (Docket No. 124), by Order which

provided, *inter alia*, that the Debtors shall pay the DOR, IRS and other creditors in full with

interest, and if the Debtors default then the Court may immediately convert the case to Chapter 7.

       The Debtors moved to set aside the Order approving stipulation (Docket No. 145).  The

DOR filed a notice of Debtors' default on August 2, 2008 (Docket No. 146) signed by Jones, and

the DOR filed an objection (Docket No. 151) to the Debtors' motion to set aside the Order

approving stipulation, which was set for hearing on August 15, 2008.  Other notices of Debtors'

default were filed by creditors Richard Quigley (Docket No. 154) and Eastern Savings Bank

(Docket No. 147).  The UST filed an objection to the Debtors' motion to set aside the stipulation.

Butler's billing records reflect approximately 12.6 hours of legal services in July and August

2008 related to the August 15, 2008, hearing, at which Butler appeared representing the DOR

along with Jones and Teresa G. Whitney ("Whitney").

       After the August 15 hearing the Court entered an Order on August 18, 2008 (Docket No.

161), denying Debtors' motion to set aside the stipulation and converting the case to Chapter 7,

but staying the conversion for 14 days to allow the Debtors to conclude a sale of their property

under the stipulation.  Debtors filed an expedited motion for sale of property on August 21, 2008

(Docket No. 170), to which objections were filed by the UST, the Internal Revenue Service

("IRS"), creditors John C. Faley ("Faley") and Provident Financial, Inc., and by the DOR

(Docket No. 183 – signed by Jones).  Butler's billing records reflect approximately 8.1 hours for

services rendered during the period leading up to the hearing on August 28, 2008.  Debtors

withdrew their motion and that hearing was vacated.

Darcy Crum was appointed Trustee in the converted Chapter 7 case on September 2, 2008. On September 23, 2008, the Trustee filed a motion to sell the Debtors' real property and personal property free and clear of liens for $8,000,000 to Public Realty Capital, Inc. ("Public Realty") (Docket No. 220). That matter was set for expedited hearing on October 9, 2008. The DOR filed a response (Docket No. 231) signed by Jones, stating it does not oppose the Trustee's motion and stating the amount owed, but expressly reserving its rights to request payment of capital gains taxes generated by the sale as administrative expenses, and to request reasonable attorneys fees under § 506(b). Butler incurred approximately 6.3 hours for services related to the Trustee's motion on his billing statements through the date of hearing. Butler appeared for the DOR at the hearing on October 9, 2008, along with Jones. The only objection to the Trustee's sale was withdrawn at the hearing, and after Public Realty submitted its proposed order the Court granted the sale motion by Order entered October 24, 2008 (Docket No. 247).

Butler testified that the closing of the sale of Debtors' real property took place on October 24, 2008. After the sale of the Debtors' real property the Trustee made distributions to the lienholders, including the DOR. The Application states at page 4, and Butler testified, that the sale liquidated enough assets to pay the DOR's secured claims in full from the proceeds, with the exception of DOR's claim for Butler's attorney's fees based on § 506(b). Butler's billing statement included four (4) entries dated after October 24, 2008, totaling 2.6 hours and $715.

The Trustee filed a motion to approve compromise settlement with Fayle on October 24, 2008 (Docket No. 251). The DOR filed an objection, signed by Jones (Docket No. 252), and that

5

matter was heard on February 12, 2009[2], and taken under advisement.  By Memorandum (Docket

No. 371) and Order (Docket No. 372) entered on March 16, 2009, the Court overruled the DOR's

objection and granted the Trustee's motion for approval of compromise settlement with Fayle.

DOR filed its application for Butler's fees (Docket No. 330), and filed its amended

Application (Docket No. 331) on January 21, 2009.  The Trustee filed an objection contending

that Butler's fees are not reasonable, that Butler's fees were spent in meetings and discussions

rather than litigation protecting its security interest, and the fees did not relate to collection of the

DOR's warrants for distraint which the Trustee cleared by paying them off from the sale

proceeds.  Debtors joined in the Trustee's objection, and further objected that the DOR was

represented effectively by more than one salaried attorney at each hearing attended by Butler, and

the DOR's collateral is subject to a surcharge for the Trustee's fees.

## DISCUSSION

DOR's Application is based on MONTANA CODE ANN. §§ 15-1-701 and 15-1-708(3)(b).

Section 15-1-701(1) provides:  "A warrant for distraint is an order, under the official seal of the

department or of the department of transportation, directed to a sheriff of a county of Montana or

to an agent authorized by law to collect a tax.  The order commands the recipient to levy upon

and sell the real and personal property of a delinquent taxpayer."  Section 15-1-701(2) provides

that upon filing the warrant, "there is a lien against all real and personal property of the

delinquent taxpayer located in the county where the where the warrant is filed."

Section 15-1-708(3)(b) provides:

---

[2]Butler's Application, which is titled an interim application, seeks fees for services
ending on November 13, 2008.

Reasonable fees or costs of collection incurred by the department may be added to the amount of the debt, including added fees or costs.  The debtor is liable for repayment of the amount of the debt plus fees or costs added pursuant to this subsection.  All money collected must be applied to the debt, except that all fees or costs collected must be retained by the department.  If less than the full amount of the debt is collected, the department shall retain only a proportionate share of the collection fees or costs.

The Trustee and Debtors objected to the DOR's Application.  At the hearing Crum argued that the fees for services rendered by Butler prior to his application for admission pro hac vice is not admissible, that his fees for services provided after the DOR was paid and released its warrants for distraint are not allowable, and that his other fees are not allowable under § 15-1-708(b)(3) because the DOR did not move to foreclose its liens, or otherwise engage in collection activity which would entitle it to reasonable fees under the state statute.

Butler responded, testifying that the delay in seeking pro hac vice admission is not relevant.  Butler argued that the DOR made a substantial contribution to the case, and at times was the party pushing the case, and his services were performed to protect and collect the DOR's secured claim.  He testified that the DOR attended the § 341(a) meeting of creditors, filed motions involving the exclusivity period for filing a chapter 11 plan that it joined in the UST's motion to convert, filed objections to the Debtors' attorney's application for professional fees, and that the DOR is entitled to an award of his fees under § 506(b) and the decision of United States Supreme Court in *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.,* 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

The decision in *Travelers* abrogated the holdings stated in *Fobian v. West. Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir. 1991), and *DeRoche v. Ariz. Industrial Comm. (In re Deroche)*, 434 F.3d 1188, 1191 (9th Cir. 2006), which had provided: "[W]here the litigated

7

issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment by the losing party." *Travelers*, 549 U.S. at 453-54, 127 S.Ct. at 1206.

In abrogating the *Fobian* holding the Supreme Court noted that a claim is determined in the first instance by nonbankruptcy law, generally state law, subject to any qualifying or contrary provisions of the Bankruptcy Code. *Travelers*, 549 U.S. at 450-51, 127 S.Ct. at 1205 ("when the Bankruptcy Code uses the word 'claim' . . . it is usually referring to a right to payment recognized under state law").

Section 506(b) provides:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

*Travelers*, 549 U.S. at 454, 127 S.Ct. at 1207.

It is appropriate to note that the Supreme Court emphasized the limited scope of its holding in *Travelers*:

> Accordingly, we express no opinion with regard to whether, following the demise of the *Fobian* rule, other principles of bankruptcy law might provide an independent basis for disallowing Travelers' claim for attorney's fees. We conclude only that the Court of Appeals erred in disallowing that claim based on the fact that the fees at issue were incurred litigating issues of bankruptcy law.

*Travelers*, 549 U.S. at 456, 127 S.Ct. at 1207-08.

As a result of *Travelers*, the DOR is not precluded from an award of attorney's fees for Butler based on the fact that the fees were incurred litigating issues of bankruptcy law. However, Butler still has the burden to show he is entitled to fees under applicable state law, and in

8

addition under § 506(b) and this Court's Montana Local Bankruptcy Rule 2016-1(d) which

provides:

> (d) Fees of Oversecured Creditors.  If oversecured creditors wish to recover
> reasonable fees, costs, or charges provided for under the agreement under which
> the claim arose as a portion of the creditor's allowed secured claim pursuant to 11
> U.S.C. § 506(b), the professionals retained by a creditor shown to be oversecured
> pursuant to 11 U.S.C. § 506(b) must file a fee application in accordance with the
> standards set forth in 11 U.S.C. § 330 and F.R.B.P. 2016(a).  Reasonable fees and
> expenses of such professionals may be allowed by the Court as a portion of the
> allowed secured claim.

The DOR applies for Butler's attorney's fees on the basis that it is an oversecured creditor

under § 506(b).  While the decision in *Travelers* abrogated the *Fobian* Rule, it did not change

otherwise the longstanding rule of this Court for the allowance of attorney fees under § 506(b),

which by its plain language as well as the plain language of § 15-1-708(3)(b) and Mont. LBR

2016-1(d), requires that fees and costs be "reasonable."

The Ninth Circuit construed § 506(b) *In re Kord Enterprises II*, 139 F.3d 684, 687, 689

(9th Cir. 1998):

> Section 506(b) provides:
>
>> To the extent that an allowed secured claim is secured by property the
>> value of which, after any recovery under subsection (c) of this section, is
>> greater than the amount of such claim, there shall be allowed to the
>> holder of such claim, interest on such claim, and any reasonable fees,
>> costs, or charges provided for under the agreement [or State statute][3]
>> under which such claim arose.
>
> § 506(b). Both parties agree that the Bank was an oversecured creditor and thus
> came within the purview of § 506(b).  The language of that section is clear.  The
> creditor is entitled to attorneys' fees if (1) the claim is an allowed secured claim;
> (2) the creditor is oversecured;  (3) the fees are reasonable;  and (4) the fees are

---

[3]The phrase "or State statute" was added by amendment by the time of the *Travelers*
decision.  549 U.S. at 454, 127 S.Ct. at 1207

provided for under the agreement.  *See, e.g., Takisaki v. Alpine Group, Inc. (In re Alpine Group, Inc.)*, 151 B.R. 931, 935 (9th Cir. BAP 1993); *Meritor Mortgage Corp., West v. Salazar (In re Salazar)*, 82 B.R. 538, 540 (9th Cir. BAP 1987).

No dispute exists that the DOR satisfies three of the requirements.  Its claim was an allowed secured claim.  DOR was oversecured, and reasonable fees are provided under State statute as authorized in § 506(b).  The only dispute is the third *Kord* element – the fees must be reasonable.

This Court has awarded reasonable attorney's fees under § 506(b) to oversecured creditors who found it necessary to engage counsel to defend their secured status.  *In re Copper King Inn*, 10 Mont. B.R. 146, 148 (Bankr. D. Mont. 1991).  In the instant case the DOR's secured status as represented in their Proofs of Claims was never challenged.  Although Debtors listed the DOR in their Schedules as an unsecured priority creditor, no objection to the DOR's claims was filed, and the DOR never had to defend their secured status in this case until it was paid enough by the Trustee from sale proceeds to clear their warrants for distraint and pay their secured claims in full, except for Butler's fees.

What constitutes "reasonable attorney's fees" is discussed *In re Hungerford,* 19 Mont. B.R. 103, 136-138 (Bankr. Mont. 2001), *quoting In re Huhn*, 145 B.R. 872, 876 (Bankr. W.D. Mich. 1992):

> Pursuant to Bankruptcy Code § 506(b), a secured creditor is allowed only "reasonable attorney fees".  In making a fee determination, the court must consider not only the fee agreement, but the overall fairness and reasonableness of the fee under all of the circumstances. *In re K-Fab, Inc.*, 118 B.R. 240, 242 (Bkrtcy.M.D.Pa.1990) (*citing Lund v. Affleck*, 587 F.2d 75 (1st Cir.1978)).
>
> "Reasonable" fees are those necessary to the collection and protection of a creditor's claim.  *In re PCH Assoc.*, 122 B.R. at 204; *In re Kroh Bros.*, 105 B.R. at 521.  They include fees for those actions which a similarly situated creditor might have taken.  *In re Riker*, 122 B.R. at 970.
>
> In *In re Nicfur-Cruz Realty Corp.*, 50 B.R. 162, 169 (Bkrtcy.S.D.N.Y.1985), the

court held that "it is inherently unreasonable to ask a debtor to reimburse attorneys' fees incurred by a creditor that are not cost-justified either by the economics of the situation or necessary to preservation of the creditor's interest in light of the legal issues involved." (quoted with approval in *In re Rubenstein*, 105 B.R. at 203; *In re Kroh Bros.*, 105 B.R. at 521).

An oversecured creditor is not entitled to compensation for its attorneys' fees for every action it takes by claiming that its rights have been affected. *In re Kroh Bros.*, 105 B.R. at 521. "[W]here services are not reasonably necessary or where action is taken because of an attorney's excessive caution or overzealous advocacy, courts have the right and the duty, in the exercise of their discretion, to disallow fees and costs under § 506(b)." *In re Riker*, 122 B.R. at 973 (*quoting In re Wonder Corp. of America*, 72 B.R. 580, 591 (Bkrtcy.D.Conn.1987), *aff'd*, 82 B.R. 186 (D. Conn. 1988)).

*See also In re Digital Products Corp.*, 215 B.R. 478, 482 (Bankr. S.D. Fla. 1997).

As the Court noted at the hearing, if a creditor's claim is not in jeopardy then overworking the case for fees is not reasonable.  Considering all the circumstances, this Court is persuaded that its discretion must be exercised by denying DOR's Application for Butler's fees. As the Court observed, the DOR kept its unchallenged warrants for distraint until they were paid in full, the same as if Butler had done nothing.  In such a set of circumstances, the Court finds it must exercise its independent duty to deny the DOR's Application for $13,447.50 when the same result would have occurred if Butler provided no services.

The DOR's Proofs of Claim all were prepared by Kim Davis, a bankruptcy specialist of several years experience in this Court.  No fewer than three special assistant attorneys general, i.e., Jones, Godbout, and Teresa Whitney, represented the DOR at various hearings in various combinations, sometimes in attendance with Butler and sometimes without him.  Butler's billing records includes several entries charging fees for conferences with DOR's other attorneys and

11

staff.[4]

Butler argued that the DOR was one of the main parties pushing this case. Above the Court set forth several relevant docket events throughout this case. Beginning while the case was pending in Chapter 11 the UST was active. After conversion the Trustee Crum was active in liquidating the case and resolving claims. Other creditors such as the IRS appeared in opposition to the Debtors' motions. The DOR was active in this case, but the Court sees no evidence that Butler's services totaling $13,447.50 were reasonable or provided any change in the outcome. In the absence of any objection or challenge to the DOR's secured status, this Court cannot escape the conclusion that the $13,447.50 in fees requested for Butler in the DOR's Application is "inherently unreasonable" under the authority quoted above in *Hungerford*, under § 506(b), under MCA § 15-1-708(3)(b), and under Mont. LBR 2016-1(d).

### CONCLUSIONS OF LAW

1. This Court has jurisdiction in this Chapter 7 case under 28 U.S.C. § 1334(a).

2. The DOR's Application for Professional Fees is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The DOR failed to satisfy its burden of proof under 11 U.S.C. § 506(b) that its Application for $13,447.50 in attorney fees is reasonable under § 506(b) or MCA § 15-1-708(3)(b).

**IT IS ORDERED** a separate Order will be entered in conformity with the above

---

[4]Conferences are listed on 3/4/2008, 3/6/2008, 3/12/2008, 3/20/2008, 3/26/2008, 3/27/2008, 3/28/2008, 3/31/2008, 4/1/2008, 7/22/2008, 7/31/2008, 8/4/2008, 8/5/2008, 8/7/2008, 8/11/2008, 8/12/2008, 8/13/2008, 8/15/2008, 8/21/2008, 8/25/2008, 8/27/2008, 9/10/2008, 9/17/2008, 9/29/2008, 9/30/2008, 10/3/2008, 10/6/2008, 10/8/2008, 10/9/2008, and 11/13/2008.

sustaining the objections filed by the Debtor and Trustee in part, and denying the DOR's

"Amended First Interim Application for Professional Fees" (Docket No. 331).


BY THE COURT

*Ralph B Kirscher*

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana